IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN BELCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 3:25-cv-268-JTA |
| | ) |
| TIGER CITY AUTOMOTIVE | ) |
| INVESTMENTS, INC. and JP | ) |
| MORGAN CHASE BANK, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Before the Court is Defendants Tiger City Automotive Investments, Inc., and JP Morgan Chase Bank's Motion to Dismiss Count I of the Amended Complaint. (Doc. No. 25.) Defendants seek dismissal of Count I of Plaintiff Brian Belcher's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 24.)

For the reasons set forth below, Defendants' motion to dismiss is due to be denied.

### **I.    JURISDICTION**

Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff brings a claim under the Federal Odometer Act, 49 U.S.C. § 32701, *et seq*. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II.     PROCEDURAL HISTORY AND ALLEGATIONS

On April 9, 2025, Plaintiff filed his original complaint against Defendants Tiger City and JP Morgan. (Doc. No. 1.) On May 19, 2025, Defendant JP Morgan filed its first motion to dismiss. (Doc. No. 19.) On May 23, 2025, Plaintiff filed his amended complaint, so the Court denied Defendant JP Morgan's motion to dismiss as moot. (Docs. No. 21, 23.)

In the amended complaint, Plaintiff alleges he purchased a 2023 Kia Forte from Defendant Tiger City on or about November 22, 2022. (Doc. No. 21 at 4–5.) Plaintiff avers Defendant Tiger City falsely represented the Kia Forte was a new car with only 627 total miles. (*Id*. at 5.) Plaintiff claims Defendant Tiger City represented the mileage was certified as the actual mileage in the Alabama Title Application and the Manufacturer's Certificate of Origin. (*Id*.)[1] Plaintiff avers that sometime after the purchase, he was in a minor accident which required only cosmetic repairs. (*Id*. at 8.) Plaintiff claims around the same time as the minor accident, the Kia Forte's engine failed. (*Id*.) Plaintiff alleges he attempted to have the Kia Forte repaired, and his insurance company denied coverage because the failure was from either a defect in materials and workmanship, or was caused by a previous accident. (*Id*. at 8–9.) Around February 2025, Plaintiff alleges Defendant Tiger City's Service Department provided records that stated on November 17, 2022, the Kia Forte's mileage was 2,676 miles, a "Certified Used Car Service" was performed, and that the car belonged to Heidi Roscoe. (*Id*. at 9.)

---

[1] Plaintiff attached his bill of sale, the Alabama Title Application, and the Manufacturer's Certificate of Origin to his complaint. (*See* Docs. No. 21-1, 21-2, and 21-3.) All reflect a mileage of 627 miles. (*See id*.)

Plaintiff alleges Defendant Tiger City previously sold the Kia Forte to Heidi Roscoe and Jamie Usher on September 23, 2022, with 627 miles. (*Id*. at 6.)[2] Plaintiff avers Roscoe and Usher drove the car for seven weeks and for over 2,000 miles. (*Id*.) During this time, Plaintiff claims the Kia Forte was in a collision which resulted in substantial damage to the front end. (*Id*.) Plaintiff alleges Defendant Tiger City cancelled the financing agreement and took the Kia Forte back from Roscoe and Usher. (*Id*.) Plaintiff claims the Manufacturer's Certificate of Origin he received when he purchased the Kia Forte did not list Roscoe or Usher as a prior purchasers. (*Id*. at 13–14.) Plaintiff alleges Defendant Tiger City altered or hid the Kia Forte's true mileage, and provided false mileage disclosures for the purpose of deceiving him and selling the vehicle for more than its actual value. (*Id*. at 7.) From these allegations, Plaintiff brings six claims (1) violation of the Federal Odometer Act; (2) wantonness; (3) negligence; (4) breach of express warranties; (5) breach of implied warranty of merchantability; and (6) violations of the Alabama Deceptive Trade Practices Act.

On June 13, 2025, Defendants Tiger City and JP Morgan filed their Motion to Dismiss Count I of the Amended Complaint. (Doc. No. 25.) Plaintiff has filed a response and Defendants have filed a reply. (Docs. No. 28, 29.) This matter is ripe for review.

### III.    STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court takes the facts alleged in the complaint as true and construes them in

---

[2] Plaintiff attached Roscoe and Usher's bill of sale to his complaint. (*See* Doc. No. 21-4.) This also reflects a mileage of 627 miles. (*Id*.)

the light most favorable to the plaintiff. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To avoid dismissal, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### IV.   DISCUSSION

Defendants argue Count I of Plaintiff's amended complaint should be dismissed because the Federal Odometer Act's statute of limitations has run. (Doc. No. 25 at 3.) Plaintiff responds the statute of limitations did not begin accruing until February 2025 because that was when he discovered the fraud. (Doc. No. 28 at 5.) Defendants reply the amended complaint does not contain sufficient factual allegations to show the statute of limitations began accruing in February 2025. (Doc. No. 29 at 2.)

A private person may bring a claim for violating the Federal Odometer Act. 49 U.S.C. § 32710(a). "The action must be brought not later than 2 years after the claim accrues." 49 U.S.C. § 32710(b). The purpose of the Federal Odometer Act is to "provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers." *Id.* § 32701(b). Because the Federal Odometer Act is founded upon prohibiting fraudulent conduct, courts "are bound to employ the federal 'discovery rule' when applying

the Federal [Odometer] Act's statute of limitations." *Henley v. Neessen Chevrolet, Inc.*, No. 24-CV-00195 (JMB/LIB), 2024 WL 4202716, at *7 (D. Minn. Sept. 16, 2024) (collecting cases); *see also Haddon v. Invs. of Am., Inc.*, No. 8:23-cv-00709-WFJ-SPF, 2025 WL 36082, at *8 (M.D. Fla. Jan. 6, 2025) (employing the federal discovery rule when determining whether the statute of limitations had run for a Federal Odometer Act claim). Under the federal discovery rule, a claim accrues "not on the date of the illegal conduct but 'when a plaintiff actually discovers, or a reasonably diligent plaintiff would have discovered, the facts constituting the violation.'" *Haddon*, 2025 WL 36082, at *8 (quoting *Henley*, 2024 WL 4202716, at *7). "[A] Rule 12(b)(6) dismissal based on a statute of limitations is appropriate only where it is apparent from the face of the complaint that the claim is time-barred." *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021).

Here, it is not apparent from the face of the complaint that the Federal Odometer Act claim is time-barred. Plaintiff alleges the Kia Forte's "true mileage was either altered or hidden." (Doc. No. 21 at 7.)[3] On the date of the sale, Plaintiff avers Defendant Tiger City provided a bill of sale, the Alabama Title Application, and the Manufacturer's Certificate of Origin with incorrect mileage. (*Id*. at 5.) Plaintiff further alleges he did not obtain records with the true mileage until February 2025. (*Id*. at 9.) At the motion to dismiss stage, the

---

[3] In their reply, Defendants argue Plaintiff has not sufficiently pleaded how the mileage was hidden or altered to "trigger" the discovery rule. (Doc. No. 29 at 1.) But, a plaintiff does not need to "trigger" the discovery rule. *See Henley*, 2024 WL 4202716, at *7 ("[T]he federal courts are bound to employ the federal 'discovery rule' when applying the Federal [Odometer] Act's statute of limitations.").

Court must take the facts alleged in the amended complaint as true and construe them in the light most favorable to Plaintiff. *See Resnick*, 693 F.3d at 1321–22. Based on the facts alleged, Plaintiff discovered the violation in February 2025. Additionally, because Plaintiff alleges the mileage was altered or hidden and Defendant Tiger City provided incorrect paperwork, it is not apparent from the face of the complaint that a reasonably diligent plaintiff would have discovered the mileage discrepancy earlier.

Defendants argue the accrual date should start on the date of the sale because Plaintiff did not allege "reasonable diligence" or that Defendant Tiger City rolled back or concealed the odometer. (Doc. No. 25 at 3.) But, the statute of limitations is an affirmative defense and "a plaintiff is not required to negate an affirmative defense in [his] complaint." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (quotation omitted); *See also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint."). Based on the facts alleged, it is not apparent from the face of the complaint that a reasonably prudent plaintiff would have discovered the mileage discrepancy before February 2025.

## V.    CONCLUSION

Because it is not apparent from the face of Plaintiff's complaint that the Federal Odometer Act claim is time-barred under the statute of limitations, Defendants' Rule 12(b)(6) Motion to Dismiss Count I is due to be denied. A separate order shall issue.

DONE this 19th day of November, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE